IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| A.R., by and through her parents and next friends TRISHA REIERSON and SCOTT REIERSON, on behalf of herself and a class of those similarly situated,<br><br>PLAINTIFF<br><br>vs.<br><br>THE NEBRASKA STATE BOARD OF EDUCATION and<br>THE NEBRASKA DEPARTMENT OF EDUCATION,<br><br>DEFENDANTS | **CLASS ACTION COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff A.R. brings this action, on behalf of herself and others similarly situated, pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA"), for declaratory and injunctive relief to require Defendants Nebraska State Board of Education and Nebraska Department of Education to comply with IDEA's requirement that A.R. and other similarly situated students receive special education services until their 22nd birthday unless the student graduates with a regular diploma at an earlier date.

2. Plaintiff A.R. turned 21 during the fall semester of the 2025-2026 school year.

3. Plaintiff A.R. is an individual with a disability who receives special education services from her local school district.

4. Under current Nebraska statute and regulations, A.R.'s special education services will terminate at the end of the 2025-2026 school year in May 2026 because she has reached the

age of 21 during that school year.

5. Pursuant to the IDEA, however, Plaintiff A.R. is entitled to receive special education services until she turns 22 during the fall semester of the 2026-2027 school year, about six months later.

6. Plaintiff A.R. sues under a pseudonym because this Complaint discloses specific information about her disability about which she has a right of privacy. She sues through her parents, Trisha Reierson and Scott Reierson.

## I. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the IDEA, a federal law.

8. This Court has jurisdiction to issue a declaratory judgment and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because each of the Defendants resides in this District.

10. Exhaustion of administrative remedies is not required. Another student has successfully challenged this state statute and regulation in a due process administrative proceeding, Case No. 24-01 SE (May 30, 2025). The hearing officer held that "[b]ecause the Nebraska Department of Education ('NDE') provides public education to students aged 18 through 21 via its adult education program, it is obligated under the IDEA to make a FAPE available to students with disabilities in that age range as well, and thus to provide special education and services to eligible students with disabilities until their 22nd birthdays." A redacted copy of that decision is attached as Exhibit A to the Complaint.

11. That decision was not appealed.

12. Defendants NDE and the State Board are aware of the decision of the duly-appointed hearing officer. Nevertheless, they have refused to bring state regulations into alignment with the NDE hearing officer's decision.

13. In a memo to the Nebraska School District Administrators and Special Education Directors dated August 5, 2025, the Department of Education's Office of Special Education wrote that "It is NDE's position that the hearing officer's findings in this case apply only to the individual circumstances of that case and are not binding precedent for other districts or cases. Due process decisions are limited in scope and do not establish legal standards applicable statewide."

14. The memo further stated: "Until and unless this statute is invalidated by a ruling from the Nebraska Supreme Court, the Eighth Circuit Court of Appeals, or the U.S. Supreme Court, the Nebraska Department of Education will not issue guidance that contradicts its requirements." That memo is attached as Exhibit B to the Complaint.

15. As the Defendants will not apply the ruling in Case No. 24-01 to other students even though there are no differences in fact, exhaustion of administrative remedies would be futile as the administrative hearing process is incapable of providing the relief sought here: statewide declaratory and injunctive relief requiring Defendants to provide special education to qualified students until their 22nd birthday.

## II.   PARTIES

16. Trisha Reierson and Scott Reierson are the parents of A.R. and are her appointed guardians by court order. They bring this action as her parents and as her next friends.

17. A.R. is currently 21 years old, having turned 21 during the fall semester of the 2025-2026

school year.

18. Conestoga Public Schools is a public school district in Nebraska and is the local education agency ("LEA") for A.R.

19. A.R. is an individual with an intellectual disability. She is enrolled in and receives special education services from Conestoga Public Schools via an Individualized Education Program ("IEP").

20. Conestoga Public Schools has stated in A.R.'s current IEP that she "is set to graduate from Conestoga Life Skills program in May of 2026 at the age of 21."

21. A.R. will still be 21 years old in May of 2026.

22. Defendant Nebraska State Board of Education ("the Board") is the policy-forming, planning, and evaluative body for the state school program. The Board is a legal entity capable of being sued in federal court.

23. Defendant Nebraska Department of Education ("NDE") supervises and administers the school system of the state. NDE is a legal entity capable of being sued in federal court.

### III. STATUTORY FRAMEWORK:  THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT ("IDEA")

24. The IDEA requires that "[a] free appropriate public education is available to all children with disabilities residing in the State between the ages of 3 and 21, inclusive, including children with disabilities who have been suspended or expelled from school." 20 U.S.C. § 1412(a)(1)(A). Numerous courts have ruled that eligibility under IDEA for special education and related services ends when a student turns 22.[1]

---

[1] *See K.L. v. Rhode Island Bd. of Educ.*, 907 F.3d 639, 641 (1st Cir. 2018) (IDEA eligibility continues until a child with disability turns 22); *L.A. Unified Sch. Dist. v. Garcia*, 699 F. 3d 956,

25. The word *inclusive* carries specific meaning. Federal courts have consistently held that the phrase "between the ages of 3 and 21, inclusive" refers to the period between a student's third birthday and the day before the student turns 22, so that students with disabilities are entitled to receive services during the entire year that they are 21 years of age. *St. Johnsbury Academy v. D.H.*, 240 F.3d 163, 168 (2d Cir. 2001). *See also K.L. v. R.I. Bd. of Educ.*, 907 F.3d 639 (1st Cir. 2018) (because the state provided a public education to nondisabled individuals between the ages of 21 and 22, students with disabilities were entitled to special education services until they turned 22); *L.A. Sch. Dist. v. Garcia*, 669 F.3d 956, 959 (9th Cir. 2012) (under the IDEA, all students "who are [otherwise] eligible for special education services are entitled to continue receiving those services until they turn twenty-two").

26. Similar to the First Circuit's ruling in *K.L.*, the Second Circuit affirmed the ruling from the United States District Court for the District of Connecticut which found as follows with respect to that state's adult education program, which had likewise been enforced via a state statute:

> [T]he [state] Board violated the rights of plaintiff class members under IDEA, 20 U.S.C. §§ 1412(a)(1), 1407, and 1412(11), by denying a free appropriate public education ("FAPE") to disabled students between the ages of 21 and 22 while providing a free public education to nondisabled students in the same age range, and (B) permanently enjoined the Board and its successors, employees, and agents, etc., from terminating, on the basis of age, FAPEs for plaintiff class members who have not received a regular high school diploma before they reach the age of 22.

*A.R. v. Conn. State Bd. of Educ.*, 5 F.4th 155, 157 (2d Cir. 2021).

---

959 (9th Cir. 2012) (eligible children should receive services under the IDEA "until they turn [22]."); *St. Johnsbury Acad. v. D.H.*, 240 F. 3d 163, 168-69 (2d Cir. 2001) ("the relevant period. . . ends on the last day of [the child's] 21st year (which culminates in his 22nd birthday)."); *Lillbask ex rel. Mauclaire v. State of Conn. Dep't. of Educ.*, 397 F.3d 77, 86 n.4 (2d Cir. 2005) ("A child remains eligible for a [FAPE] under IDEA until his 22nd birthday.").

27. Likewise, the Ninth Circuit affirmed a lower court ruling finding that Hawaii had violated the IDEA by ending special education services to students with disabilities at the end of the school year when they turned 20 while providing adult education programming to nondisabled students in the same age group. *E.R.K. v. State Dep't. of Educ.*, 728 F.3d 982, 984-85 (9th Cir. 2013).

28. States may limit age eligibility for special education students, but only to the extent it is limited for public education generally:

   > The obligation to make a [FAPE] available to all children with disabilities does not apply with respect to children –
   > (i) Aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice or the order of any court, respecting the provision of public education to children in those age ranges [.]

   20 U.S.C. § 1412(a)(1)(B)(i).

29. Thus, if a state does not provide public education to *nondisabled* individuals between the ages of 18 through 21, inclusive, (*i.e.*, until the nondisabled individuals turn 22), then the state and the public school districts within that state are not required to provide a FAPE to students *with disabilities* in that same age range.

30. This exception to the IDEA's requirement that states provide otherwise eligible students with special education services until they turn 22 does not apply in Nebraska.

31. Because the Nebraska Department of Education ("NDE") provides public education to students aged 18 through 21 via its adult education program, it is obligated under the IDEA to make a FAPE available to students with disabilities in that age range as well, and thus to provide special education and services to eligible students with disabilities until their 22nd birthdays. *See* 20 U.S.C. § 1412(a)(1)(B).

6

32. However, Neb. Rev. Stat. § 79-1117 (Reissue 2024) and the Nebraska Department of Education's Regulations and Standards for Special Education Programs, 92 Neb. Admin. Code § 51-004.01 ("Rule 51"), purport to terminate the entitlement to a FAPE under the IDEA for students with disabilities in Nebraska at the end of "the school year in which the child reaches age twenty-one."

33. This Nebraska statute and regulation unlawfully conflict with 20 U.S.C. § 1412(a)(1)(B)(i) because it imposes an age limitation on the public special education of students with disabilities who are under the age of 22, even though Nebraska—both in state law and in state practice—does not impose that age limitation on non-disabled students.

34. There is no state law in Nebraska that imposes an age limitation of 21 years on the entitlement to public education generally. To the contrary, NDE is statutorily required to make available a program of public education to Nebraskans who are sixteen years of age or older as part of the Adult Education Program, which requires NDE to provide, supervise, and assist with the program. The applicable statute, enacted in 1990, reads as follows:

> The Adult Education Program is established in the State Department of Education. The program shall assist in the development and strengthening of community education programs in school districts of the state and provide for the education of any person who is sixteen years of age or older, who is not enrolled in high school and is not required to be enrolled in school, who lacks sufficient mastery of basic educational skills to enable him or her to function effectively in society or does not have a certificate of graduation from a high school or equivalent educational experience, and whose lack of mastery of basic skills results in an inability to speak, read, write, or understand the English language constituting a substantial impairment of his or her ability and evidences a need for programs to help eliminate such inability and raise his or her level of education making it less likely that he or she will become dependent on others. The program shall be under the direction of a state supervisor appointed by the department.

Neb. Rev. Stat. § 79-11,133 (Reissue 2024).

35. Further, there is no Nebraska practice with respect to public education generally that is inconsistent with providing special education students a FAPE until the age of 22. To the contrary, it is in fact the practice of the state to provide a program of public education to Nebraskans until the age of 22 (and beyond), via the Adult Education Program.

36. Federal courts have found that a state's adult education program constitutes "public education" pursuant to 20 U.S.C. § 1412(a)(1)(B) if the program is funded by state or local governments, the state oversees the adult educational services provided, and the educational services are free to the adult students. The First Circuit held that students with disabilities were entitled to continued receipt of special education services until they turn 22 because the state provided public education to nondisabled individuals up to (and beyond) age 22. In that case, Rhode Island's education program was very similar to Nebraska's Adult Education Program. The First Circuit specifically disagreed with a "narrow interpretation of 'public education,'" highlighting "the two core attributes of 'public education' that are undisputed: (1) a significant level of state or local governmental funding, and (2) the public administration or oversight of the educational services." *K.L. v. R.I. Bd. of Educ.*, 907 F.3d at 639.

37. The First Circuit also held that because *in practice*, the state of Rhode Island provided free public education to nondisabled individuals aged 22 (and older), then the state must also provide a FAPE to disabled students until they turned 22—even though Rhode Island *state law* said otherwise:

> [T]he IDEA's requirement that states provide FAPE to students until their twenty-second birthday is not inconsistent with Rhode Island's law or practice "respecting the provision of public education," and, therefore, the limitation set forth in § 1412(a)(1)(B)(i) does not apply. Hence, to the extent that Rhode Island General Laws § 16-24-1(f) and Regulations Governing the Education of Children with Disabilities § 300.101(a) are noncompliant with the mandate set forth in § 1412(a)(1)(A), *they are invalid*.

*K.L.*, 907 F.3d at 652-53 (emphasis added).

38. Likewise, in the instant case, the state of Nebraska provides public education to nondisabled adults and must therefore also provide FAPE to disabled students until they turn 22. NDE actively funds, directs, and supervises the Adult Education Program, which is free to students. The Nebraska Adult Education Program is a program within the Nebraska Department of Education.

39. The IDEA requires that states provide FAPE to students with disabilities within the above-defined age range if they have not been awarded a regular high school diploma. 34 C.F.R. § 300.102(a)(3).

40. The IDEA allows complaints for FAPE denials that occurred up to two years before the complainant knew or should have known of the violation. 20 U.S.C. § 1415(b)(6)(B).

## IV.   FACTUAL ALLEGATIONS

41. A.R.'s current IEP was issued by Conestoga Public Schools on April 16, 2025. That IEP states that she "is set to graduate from Conestoga Life Skills program in May of 2026 at the age of 21."

42. On June 27, 2025, Plaintiff's mother, Trisha Reierson, sent an email to Dr. Amy Rhone, Director of the NDE Office of Special Education, explaining that A.R. would turn 21 during the fall semester of the 2025-2026 school year and seeking clarity as to A.R.'s right to receive special education services until her 22nd birthday during the fall semester of the 2026-2027 school year rather than through the end of the 2025-2026 school year in May 2026.

43. Plaintiff's mother based her request on her understanding of the May 30, 2025, Nebraska Department of Education ruling that students with disabilities are entitled to receive special education services until their 22nd birthdays.

44. On June 28, 2025, Director Rhone emailed Trisha Reierson acknowledging the NDE Hearing Officer's decision but explaining that NDE's regulations and guidance regarding the age cut-off for special education services in Nebraska had not changed.

45. The Nebraska Adult Education Program is a program within the Nebraska Department of Education.

46. For the three-year period between 2021 and 2024, state and local governmental funding for the Nebraska Adult Education Program has totaled between $700,000 and $1,000,000 per year.

47. The Nebraska Adult Education Program does not charge students for its programs or materials, making them free to participating students.

48. The Nebraska Adult Education program staff within NDE perform regular trainings, conduct monitoring and evaluations, and determine performance improvement needs for all local adult education providers in the state.

## V. CLASS ACTION ALLEGATIONS

49. Plaintiff A.R. brings this action on her own behalf and on behalf of a class of all those similarly situated pursuant to Federal Rules of Civil Procedure 23(b)(2). The proposed plaintiff class is defined as follows:

> All students with disabilities in Nebraska who had or have IEPs who turned 21 within two years before the filing of this action or who will turn 21 in the future and who, but for reaching the end of the school year during which they turn 21, would otherwise qualify or would have otherwise qualified for continued receipt of special education services, and who have not or had not yet earned a regular high school diploma ("the Plaintiff Class").

50. The Plaintiff Class is so numerous that joinder of all members is impracticable. There are more than sixty students with disabilities in Nebraska who are receiving or have received special education services under the IDEA who are, were during the applicable limitations period, or will be under age 22 and who, but for their age, would otherwise qualify or would have otherwise qualified for the continued receipt of special education services.

51. There are questions of law and fact common to the proposed Plaintiff Class: Specifically, whether IDEA obligates the Defendants to provide education to students with disabilities until their 22nd birthday unless they obtain a regular high school diploma earlier and whether Neb. Rev. Stat. § 79-1117 and 92 Neb. Admin. Code § 51-004 violate the IDEA.

52. Plaintiff A.R.'s claim and injury (cut-off of special education and related services prior to the student's 22nd birthday) is typical of the claims and injuries of the other members of the Plaintiff Class. Plaintiff A.R. will be denied any further special education services after the end of the 2025-2026 school year because of her age, and she will be injured by this denial as an individual with a disability who is entitled to and in need of special education services until her 22nd birthday. A.R. would meaningfully benefit from additional special education and related services under the IDEA. This is the same injury that members of the Plaintiff Class have suffered, are suffering, or will imminently suffer unless this Court grants relief.

53. Plaintiff A.R., through Trisha Reierson and Scott Reierson, will fairly and adequately represent and protect the interests of the Plaintiff Class. Their interests do not conflict with the interests of the members of the class they seek to represent

54. The proposed class is represented by Amy K. Bonn and Ellen Marjorie Saideman, who are both experienced special education law counsel with federal litigation experience. Amy Bonn litigated this identical issue in a due process administrative proceeding in Nebraska, Case No.

24-01 SE (May 30, 2025), and prevailed. Ellen Marjorie Saideman is experienced in both special education litigation and federal class action litigation. They will adequately represent the class.

55. Declaratory and injunctive relief are appropriate with respect to the class as a whole because Defendants have acted or refused to act on grounds that apply generally to the class.

## VI. CAUSE OF ACTION

**VIOLATION OF THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT ("IDEA")**

56. Plaintiffs incorporate the foregoing paragraphs of this Complaint as though fully set forth herein.

57. The IDEA requires Defendants to provide a FAPE to all individuals with disabilities until their 22nd birthdays unless to do so would be "inconsistent with State law or practice… respecting the provision of public education" to individuals in that age range. 20 U.S.C. § 1412(a)(1).

58. The provision of a FAPE to students with disabilities in Nebraska until their 22nd birthdays would not be inconsistent with any Nebraska law or practice "respecting the provision of public education to children in those age ranges." Neb. Rev. Stat. § 79-1117 and 92 Neb. Admin. Code § 51-004.01 are not laws "respecting the provision of public education" in general. Instead, they are laws that apply only to students with disabilities receiving special education.

59. There is no statute or regulation in Nebraska that imposes an age limitation of 21 years on the entitlement to public education generally. To the contrary, Defendants are statutorily required to make available—and do provide—a program of public education to Nebraskans who are

sixteen years of age or older as part of the Adult Education Program, which requires NDE to provide, supervise, and assist with the program. Neb. Rev. Stat. § 79-11,133 (Reissue 2024).

60. Defendants' Adult Education Program provides "public education" to students because it receives a significant level of state or local government funding and is free to students, and because Defendant NDE provides public administration and oversight to the educational services provided.

61. Therefore Defendants must also provide a FAPE to students with disabilities until they turn 22 because nondisabled students who are over the age of 21 have available to them a free public education via Defendants' Adult Education Program.

62. Defendants' refusal to provide a FAPE to A.R. and all members of the Plaintiff Class violates the IDEA.

63. Defendants are also in violation of 20 U.S.C. § 1407 by not ensuring that its regulations conform to the IDEA as well as 20 U.S.C. § 1412(11) because Defendants have failed to ensure that the school districts under its supervision and control are meeting the requirements of 20 U.S.C. § 1412(a)(1)(B).

**WHEREFORE**, Plaintiffs pray that this Court

a. Assume jurisdiction of the case;

b. Certify the proposed class under Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure;

c. Find and declare that Defendants' refusal to provide Plaintiff A.R. and the members of the Plaintiff Class with a FAPE on account of their age prior to their 22nd birthday violates the IDEA;

d. Find and declare that, by this conduct, the Board and NDE have violated 20 U.S.C. § 1407 and 20 U.S.C. § 1412(11);

e. Find and declare that Neb. Rev. Stat. § 79-1117 (Reissue 2024) and 92 Neb. Admin. Code § 51-004.01 are invalid to the extent that they prevent individuals from receiving a FAPE until their 22nd birthday, because they are contrary to the IDEA;

f. Enjoin Defendants from terminating FAPE as to Plaintiff A.R. and the members of the Plaintiff Class who have not yet turned 22;

g. Award compensatory education to those members of the Plaintiff Class to the extent that they have already been denied a FAPE unlawfully;

h. Award Plaintiffs their reasonable attorneys' fees, costs, and expenses under any applicable law; and

i. Grant other such relief as this Court finds just and appropriate.

DATED this 5th day of December, 2025.

s/ **Amy K. Bonn**
Bar Number: 23624
Attorney for Plaintiff
The Law Office of Amy K. Bonn, LLC
2805 Leigh Lane
Papillion, NE 68133
Telephone: (402) 387-7293
E-mail: amy@amybonnlaw.com

s/ **Ellen Marjorie Saideman**
Rhode Island Bar Number: 6532
Attorney for Plaintiff
Law Office of Ellen Saideman
7 Henry Drive
Barrington, RI 02806
Telephone: 401-258-7276
E-mail: esaideman@yahoo.com
Preparing Application for Bar Membership